**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-221(3) |
| | § | C.A. No. C-07-260 |
| WILLIAM DAVID HARBIN, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is William David Harbin's ("Harbin") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 124, 125),[1] which is deemed filed as of May 29, 2007.[2]  The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.  As discussed in more detail herein, the Court DENIES Harbin's motion because it is time-barred.  Even if it were properly before the Court, moreover, the sole claim raised by Harbin is meritless. Additionally, the Court DENIES Harbin a Certificate of Appealability.

---

[1]  Dockets entries refer to the criminal case, C-01-cr-221.

[2]  The Clerk received Harbin's motion on June 6, 2007.  The motion indicates that it was signed and mailed (presumably by giving it to prison officials), on May 29, 2007 (D.E. 79 at 7).  It is thus deemed filed as of May 29, 2007. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On July 11, 2001, Harbin was charged with two co-defendants in a two count indictment.   In Count One,  Harbin was charged with knowingly and intentionally possessing with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1).  In Count Two, Harbin was charged with knowingly and intentionally possessing with intent to distribute approximately 850 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1).  Harbin proceeded to trial and the jury returned a guilty verdict on both counts on November 27, 2001.  (D.E. 68.)

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on February 5, 2002.  (D.E. 91.)  The Court  sentenced Harbin to 121 months in the custody of the Bureau of Prisons on each count, to be served concurrently, to be followed by a five-year supervised release term on each count, to run concurrently, and also imposed a $100 fine and $100 special assessment on each count.  (D.E. 91, 93.)  Judgment was entered on February 12, 2002.  (D.E. 93).  Harbin timely appealed, and the Fifth Circuit denied his appeal in a per curiam opinion issued December 3, 2002.  (D.E. 119.)  Harbin did not file a petition for writ of certiorari.  (See generally docket sheet in United States. v. Harbin, No. 40324 (5th Cir.).)  Harbin's § 2255 motion was filed on May 29, 2007. (D.E. 125.)

## III.  MOVANT'S ALLEGATIONS

Harbin's motion is replete with "boiler plate" materials that he has copied from other sources and pieced together to make his primary argument.  In it, he argues that this Court did not have

jurisdiction to indict and convict him because 18 U.S.C. § 3231 (which gives the federal courts original jurisdiction over all federal crimes) is not a validly enacted law.  He argues that the statute is unconstitutional because Public Law 80-772, which codified Title 18 of the United States Code, was not validly enacted.

In support of his claim, he points to the legislative history of Public Law 80-772, which he claims was never correctly passed by both houses of Congress in the same session Congress, and thus is an invalid law.  (See generally D.E.  124, 125.)  Specifically, he claims: (1) that the House version of the bill died due to two sine die adjournments, and that the amended 1948 bill was read only once in the Senate and was thus not enacted properly  (D.E. 124 at 6-9, 11-17; D.E. 125 at 2); and  (2) that the Senate version of the bill was an entirely different bill textually than the one signed by the Speaker of the House, the President pro tempore of the Senate, and President Truman and that the signatories knew "the enacting clause was false" (D.E. 124 at 10; D.E. 125 at 1-2.).  Accordingly, he claims that 18 U.S.C. § 3231 is unconstitutional, and that the statute's "jurisdictional nullity" "voids the judgment order in the instant case and cannot lawfully be procedurally barred by the PLRA." (D.E. 124 at 2.)

In his prayer for relief, Harbin requests that this Court expedite his appeal to relieve him from "his illegal confinement," declare his indictment and conviction void as a matter of law, declare his judgment and illegal restraints contrary to law and a violation of his Constitutional rights, declare Public Law 80-772 and 18 U.S.C. § 3231 unconstitutional, issue an order vacating his judgment and conviction and finding him actually innocent of the charged crime, and order his immediate release. (D.E. 124 at 24-25.)

For the reasons set forth herein, Harbin's claim fails.

## IV.  DISCUSSION

### A.      Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Harbin appealed, and the Fifth Circuit denied his appeal by order entered December 3, 2002.  The period for Harbin to file a petition for writ of certiorari expired 90 days after that date.  S. Ct. R. 13(1).  Harbin did not file a petition for writ of certiorari.  His conviction became final when the 90-day time for filing the petition expired, or on March 3, 2003.  See Clay, supra. Harbin's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on March 3, 2004.  Harbin's motion is deemed filed as of May 29, 2007.  Thus, it was filed more than three years beyond the deadline as calculated under § 2255(1), and is untimely.

Harbin provides no explanation as to the untimeliness of his motion, nor does he argue for

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

statutory or equitable tolling.  In any event, while the limitations period for § 2255 motions is not

considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"

United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806,

811 (5th Cir. 1998)).  In short, neither Harbin's motion nor the record offers any basis at all for

equitable tolling, let alone establishes that his is the rare or exceptional case where such tolling is

required.  Moreover, the record discloses no basis for applying any subsection other than § 2255(1)

to determine the start of the limitations period.

Accordingly, the Court concludes that Hernandez's failure to file his § 2255 motion within the

one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B.      Arguments Challenging the Validity of Public Laws 80-772**

Additionally, even if it were properly before the Court, Harbin's sole claim is without merit.

As noted, Harbin claims that the statute used to indict and convict him was not validly enacted and thus

that the Court had no jurisdiction over his criminal case.  Specifically, Harbin claims that the bill that

eventually became Public Law No. 80-772 never passed both houses of Congress in the same version.

He contends that the bills were acted upon by the House, but not the Senate, before Congress

adjourned and that the House version of the bill died at adjournment.

In support of his claim, Harbin attaches a copy of  Kennedy v. Sampson, 511 F.2d 430 (D.C.

Cir. 1974) and relies heavily on the text of two footnotes in the appendix to the opinion.[4] (See D.E.

125 at Appendix; D.E. 124 at 6-7, 9-10, 16-18.)   The text of one of those footnotes describes the

adjournment in July 1947 (after the House passed the bill that would become Public Laws 80-772, but

---

[4] The issues and holding in Kennedy are irrelevant to Harbin's motion, and he does not rely upon any holdings in the case.  Thus, the Court does not address them, nor the later authority calling those holdings into doubt.

before the Senate did) as follows:

> The Senate and the House of Representatives adjourned on July 27, 1947 under a "conditional final adjournment" resolution, S. Con. Res. 33; 93 Cong. Rec. 10400.  Pursuant to the resolution, the two Houses were to stand in adjournment until January 2, 1948, unless recalled into a session earlier by specified Senate and House leaders.  In effect, the adjournment was a sine die adjournment, not an intrasession adjournment.

Kennedy, 511 F.3d 430, Appx. at n.4.  When Congress adjourns sine die, unpassed bills die of their own accord.[5]  Thus, the footnotes in Kennedy appear to lend some credence to Harbin's arguments.

But those footnotes must also be read in context.  It is clear from the context that the intended meaning of those words was that the July 1947 recess was not an *intrasession* recess (which was what the rest of the Appendix referred to), but an *inter*session recess.  That is, although the term "sine die" is used in the footnotes, it was intended to convey that a session of Congress was ending, rather than merely having a break in the session.  It should not be read as Harbin reads it, to mean that the entirety of the Congress (i.e., both sessions of Congress) ended at the time.  Instead, only one of the two sessions of Congress ended.  The text where the footnotes occur make this clear, too, because it indicates that footnotes 4 and 5 refer to the 1st session of the 80th Congress, and the 2nd session of the 80th congress, respectively.  Taken in context, those footnotes cannot be read literally to mean that there was an adjournment sine die of that entire Congress, such that all pending bills died.  Moreover, the 80th Congress did not adjourn sine die in July 1947.  When the first session adjourned, it did so to a date certain, not sine die.  See Kennedy, 511 F.2d 430, Appx. at n. 4 (Congress adjourned in July 1947 until January 2, 1948). Accordingly, the Court finds no merit in Harbin's contentions.

---

[5] The term "adjournment sine die" is defined as "[t]he ending of a deliberative assembly's or court's session without setting a time to reconvene."  Black's Law Dictionary 44 (8th ed. 2004).

The Court further notes that numerous other district courts have rejected the same or similar argument raised by § 2255 movants, including two district judges of the Southern District of Texas. See United States v. Martinez, Cr. No. C-04-157, 2006 WL 1293261 (S.D. Tex. May 6, 2006) (Chief Judge Head determining that the same argument is invalid and erroneous); Delreth v. United States, Cr. No. L-03-1745-6, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006) (United States District Judge Kazen stating that "[p]etitioner's analysis does not persuade the Court that there is any material flaw in the jurisdictional statute, and additional factors militate strongly against him" and further noting that, "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section § 3231 would have operated to give the Court jurisdiction over federal crimes"); see also United States v. Felipe, 2007 WL 1740263 (E.D. Pa June 14, 2007) (collecting authority and concluding that "this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless").

In short, the law challenged by Harbin was properly enacted into law and his contentions to the contrary are without merit.  Moreover, as noted by Judge Kazen and other courts, see, e.g., United States v. Risquet, 426 F. Supp. 2d 310, 311-312 (E.D. Pa .2006), even if the 1948 amendment to § 3231 were defective, this Court would nonetheless retain jurisdiction over Harbin's case because the predecessor statute to § 3231 also provides for such jurisdiction.

For the foregoing reasons, Harbin's § 2255 motion is DISMISSED WITH PREJUDICE.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Harbin has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th

Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Harbin's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Harbin cannot

8

establish at least one of the <u>Slack</u> criteria.  Specifically, jurists of reasons would not find debatable this Court's ruling that Harbin's motion is untimely.  Accordingly, Harbin is not entitled to a COA.

### V.  CONCLUSION

For the above-stated reasons, Harbin's motion under 28 U.S.C. § 2255 (D.E. 124) is DISMISSED WITH PREJUDICE.  The Court also DENIES him a Certificate of Appealability.

Ordered this 25th day of June, 2007.

Janis Graham Jack
United States District Judge