**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-221(3) |
| | § | C.A. No. C-07-260 |
| WILLIAM DAVID HARBIN, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER VACATING PRIOR ORDER AND FINAL JUDGMENT,
AND ORDER GIVING NOTICE TO MOVANT OF RECHARACTERIZATION**

On June 6, 2007, the Clerk received from William David Harbin ("Harbin") a document titled as a "Habeas Corpus Petition Pursuant to U.S.C.A. Const. Art. 1, §9, Cl. 2." (D.E. 124.)  The document was docketed, however, as a motion pursuant to 28 U.S.C. § 2255 and was treated as such by the Court.  By Order entered June 7, 2007, the Court denied the motion prior to a government response both because it was time-barred and because the sole claim raised therein was without merit. (D.E. 126.)  The Court also denied Harbin a Certificate of Appealability.  (D.E. 126.)

On July 23, 2007, the Clerk received from Harbin a document titled as an "Amendment to Habeas Corpus Petition," in which he reiterates his earlier claim, i.e. that 18 U.S.C. § 3231 was not constitutionally enacted into law and therefore this Court did not have jurisdiction over his criminal case.  (D.E. 128.)  The same document also claims that the "restyling" of his original filing into a § 2255 motion was improper because he was not given an opportunity to amend, dismiss or allow his pleading to remain as filed.  (D.E. 128 at 2.)

Harbin is correct that, at least for purposes of determining whether a later § 2255 motion is second or successive, a first § 2255 motion should not be construed as such where the movant has not indicated an intent to file a § 2255, unless the Court first gives him notice of its intent to recharacterize

his motion.  See Castro v. United States, 540 U.S. 375 (2003).

Harbin's claim is clearly one that should have been brought in a motion under 28 U.S.C. § 2255.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence....  Section 2241 is used to attack the manner in which a sentence is executed.  A . . . petition which attacks errors that occur at trial or sentencing is properly construed under § 2255).  Nonetheless, the Court should have given the warnings as set forth in Castro, which held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization.  540 U.S. at 383.

Accordingly, the Court hereby VACATES its prior order and final judgment (D.E. 126, 127), and notifies Harbin that, because his motion raises a claim that is properly brought in a motion pursuant to 28 U.S.C. § 2255, the Court intends to construe his "habeas corpus" motion (D.E. 124) and supplement (D.E. 125) as a § 2255 motion.  Pursuant to Castro, Harbin is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion.  See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).  That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Harbin will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1]  See

---

[1]  The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Harbin wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days after the entry of this Order. If he fails to do so, this Court will construe his habeas corpus motion (D.E. 124, 125) as a § 2255 motion, and will rule on it.

Ordered this 23rd day of July, 2007.

Janis Graham Jack
United States District Judge

no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

3